## Case No. 15,812.

### UNITED STATES v. MORRIS.

[1 Balt. Law Trans. 117.]

District Court, D. Maryland. 1868.

CRIMINAL LAW—DEFRAUDING INSURANCE COMPANY —EVIDENCE OF INTENT.

[1. The fact that a ship is insured by a valued policy, which places her value beyond what the jury believe to be her true value, is no evidence that she was insured and sent out by her owner with the guilty intent to have her cast away so as to obtain the insurance money.]

[2. Two parties were indicted for conspiracy to obtain insurance on a vessel, and then have her cast away or destroyed, and one of them was separately indicted for individually doing the same thing. Both were acquitted of the conspiracy. Held that, if the jury could not convict the individual without assuming the existence of the conspiracy of which the parties had been acquitted, then he too must be acquitted.]

Indictment against Theo. A. Morris for fitting out the schooner Montezuma with intent to destroy her, and thereby injure the United States Fire & Marine Insurance Company.

A. S. Ridgely, U. S. Dist. Atty., assisted by W. D. Booth, prosecuting.

Whitney, Giles & Wallis, for the defence.

GILES, District Judge (charging jury). 1st. To enable the jury to find the prisoner guilty under this indictment they must find from the evidence that when he loaded and dispatched the Montezuma in January last he did so with the intention that she should be destroyed on her voyage, and also with the intention of defrauding the United States Fire & Marine Insurance Company of this city, and that he had procured or did subsequently procure a policy of insurance from said company on said vessel and cargo.

2d. And if the jury shall find that the insurance effected by the prisoner on said vessel was for an amount not greater than the value of said cargo then on board said vessel, then the same is not evidence of a guilty intent to defraud said company as charged in said indictment.

3d. And if the jury shall find that the policy on the vessel was a "valued" policy in said company, then, although they may find that in said policy the vessel is valued at a sum greater than the jury may find to have been the true value of said vessel, there is no evidence of a fraudulent intent by the prisoner.

4th. If the jury shall find that they cannot convict the prisoner of the charge upon which he is being tried, without assuming or finding the existence of a conspiracy between him and Pennell to destroy or cast away the Montezuma, with the joint intent to defraud the United States Fire & Marine Insurance Company, then the verdict of the jury must be for the prisoner, both Pennell and the prisoner having been already acquitted of said conspiracy.

5th. And as to evidence of guilty intent to injure the said insurance company, if the jury shall find that the notice and preliminary proof presented by prisoner to said insurance company was false and fraudulent, these circumstances, or either of them, would be evidence from which the jury may infer the said guilty intent as to both fitting out and the intent to injure the said company; but the jury in deciding the question must take into consideration all the evidence in the case, and must be able to find from it the guilty intents aforesaid, before they can convict the prisoner.

6th. Although the jury might find that the prisoner, in shipping the cargo, did so with the guilty intent of defrauding the internal revenue laws, he is not guilty under this indictment, unless the jury shall also find that he did so with the guilty intent stated in the first instruction. And as the prisoner's declaration made at the time he ordered the casks of water to be procured and placed on the Montezuma, have been given in evidence, it is for the jury to say, from these declarations and the other evidence, with what intention he made the said shipment; and if the jury find that he did so for the purpose of perpetrating a fraud on the revenue laws, and with no other intent, he is not guilty under this indictment.

7th. And although the jury may find that the protest given in evidence by the prosecution is false, as to the manner in which the vessel was lost, such false protest is no evidence against the prisoner of a guilty intent, unless the jury shall find that he knew it to be false when he presented it to said company.

The instructions having been given, Mr. Booth, on the part of the prosecution, commenced the argument upon the evidence and the law as expounded by the court. At the conclusion of his argument, which lasted about two hours, the counsel for the defence submitted the case to the jury without reply, and the case was accordingly given to the jury at 2:30 p. m. The jury not having agreed at 3 o'clock, the court adjourned until 4.30 p. m., up to which hour the jury had failed to agree, and wished further instruction. This they received from the court, which shortly afterward adjourned until 8 p. m. At 8 p. m., the court having met, the jury were brought in and delivered their verdict, declaring the prisoner "Not guilty."